# IN THE SUPREME COURT, STATE OF WYOMING

## 2019 WY 119

October Term, A.D. 2019

December 4, 2019

BOARD OF PROFESSIONAL
RESPONSIBILITY, WYOMING
STATE BAR,

Petitioner,

v.                                                   D-19-0011

KARA CRAWFORD-FINK, WSB #
6-3966,

Respondent.

## ORDER OF ONE-YEAR SUSPENSION

[¶ 1]   **This matter** came before the Court upon the Board of Professional Responsibility's "Report and Recommendation for One-Year Suspension," filed herein November 20, 2019, pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure (stipulated discipline). After a careful review of the Report and Recommendation and the file, the Court finds the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Kara Crawford-Fink should be suspended from the practice of law for one year. It is, therefore,

[¶ 2]   **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's "Report and Recommendation for One-Year Suspension," which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶ 3]   **ADJUDGED AND ORDERED** that, as a result of the conduct set forth in the Report and Recommendation for One-Year Suspension, Respondent Kara Crawford-Fink shall be, and hereby is, suspended from the practice of law for one year, with the period of suspension to begin December 13, 2019; and it is further

[¶ 4]    **ORDERED** that, during the period of suspension, Respondent shall comply with the requirements of the Wyoming Rules of Disciplinary Procedure, particularly the requirements found in Rule 21 of those rules.  That rule governs the duties of disbarred and suspended attorneys; and it is further

[¶ 5]    **ORDERED** that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Respondent shall reimburse the Wyoming State Bar the amount of $50.00, which represents the costs incurred in handling this matter, as well as pay an administrative fee of $750.00.  Respondent shall pay the total amount of $800.00 to the Wyoming State Bar on or before February 3, 2020.  If Respondent fails to make payment in the time allotted, execution may issue on the award; and it is further

[¶ 6]    **ORDERED** that the Wyoming State Bar is authorized to issue the stipulated press release contained in the "Report and Recommendation for One-Year Suspension"; and it is further

[¶ 7]    **ORDERED** that the Clerk of this Court shall docket this "Order of One-Year Suspension," along with the incorporated "Report and Recommendation for One-Year Suspension" as a matter coming regularly before this Court as a public record; and it is further

[¶ 8]    **ORDERED** that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this "Order of One-Year Suspension," along with the incorporated "Report and Recommendation for One-Year Suspension" shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶ 9]    **ORDERED** that the Clerk of this Court cause a copy of this "Order of One-Year Suspension" to be served upon Respondent Kara Crawford-Fink.

[¶ 10]  **DATED** this 4th day of December, 2019.

**BY THE COURT:**

/s/

**MICHAEL K. DAVIS**
**Chief Justice**

IN THE SUPREME COURT
STATE OF WYOMING
FILED

**NOV 2 0 2019**

PATRICIA BENNETT, CLERK
by CHIEF DEPUTY

**BEFORE THE SUPREME COURT**

**STATE OF WYOMING**

*In the matter of*                    )
*KARA CRAWFORD-FINK,*                  )
*WSB # 6-3966,*                        )          *WSB No. 2018-122*
                                       )
      *Respondent.*                    )          **D-19-0011**

## REPORT AND RECOMMENDATION FOR ONE-YEAR SUSPENSION

THIS MATTER came before a Review Panel of the Board of Professional Responsibility via telephone conference call on the 13ᵗʰ day of November, 2019, for consideration of the parties' Stipulation for One-Year Suspension pursuant to Rules 9 and 12 of the Wyoming Rules of Disciplinary Procedure. Present on the call were Review Panel members Debra J. Wendtland, Katherine A. Strike and Carolyn Orr. Mark W. Gifford, Bar Counsel appeared on behalf of the Wyoming State Bar. Complainant Trayce Harris appeared. Respondent Kara Crawford-Fink did not appear. The Review Panel having reviewed the Stipulation, the supporting Affidavit and being fully advised in the premises, finds, concludes and recommends as follows:

### Findings of Fact

1.     The present complaint against Respondent, a Casper lawyer who was admitted to practice in 2006, was submitted in October 2018 by Respondent's former client, Trayce Harris of Casper. At the time Ms. Harris' complaint was received, there were two active disciplinary investigations of complaints that were filed against Respondent; one by Alaina Stedillie, a Casper lawyer, involving litigation misconduct by Respondent (WSB 2017-024) and the other by Stephanie Smith, one of Respondent's clients, involving negligence and lack diligence by Respondent in a divorce matter (WSB 2017-116). As a result of these complaints, Respondent ultimately received a 120-day suspension effective December 15, 2018.

2.     In her complaint, Ms. Harris reported that she hired Respondent on July 14, 2017, to represent her in filing a divorce action against her husband. On that date, Ms. Harris signed an engagement agreement with Respondent that required an up-front payment of $3,500.00. The engagement agreement provided in relevant part that Respondent's time would be charged at the rate of $200.00 per hour and that Respondent's office would "send out monthly statements for fees and services incurred for that month."

3.     Respondent's billing records indicate that Respondent drafted the complaint on August 10, 2017. Ms. Harris signed it and Respondent's legal assistant, Rita Martin, notarized it the same day. Respondent's signature was added to the complaint on August 16, 2017. The divorce complaint was filed October 27, 2017.

4.     Between July 14, 2017, the date of Respondent's initial meeting with Ms. Harris, and October 27, 2017, the day the divorce complaint was filed, Respondent recorded 12.0 hours of time on the matter. Respondent concedes that this is an unreasonable amount of time for the work connected with preparing and filing a 1½-page, pro forma divorce complaint. However, the parties have differing recollections regarding the number of times they met.

5.     On April 30, 2018, Ms. Harris sent Respondent an email terminating her services. The email closed with the following request: "Please remit a refund of the total amount I have paid less the amount for service rendered thus far and thank you." Respondent did not respond to the request.

6.     On March 30, 2018, a stipulation for a public censure in the Smith matter, WSB 2017-116, was submitted to the BPR. In the stipulation, Respondent admitted that she violated Rule 1.5 (billing errors/unreasonable charges) and Rule 1.16 (failure to refund unearned portion of fee) in her representation of Smith. The proposed public censure was rejected by the BPR.

2

7. On June 20, 2018, Ms. Harris sent another email with a second request: "Please remit and return to me, to the address indicated below, the amount I paid ($3500) less the cost of your service rendered at your earliest convenience." The "address indicated below" for Ms. Harris is P.O. Box 521, Casper, WY 82602. This is the same mailing address shown on Respondent's office's Client Information Sheet and on Ms. Harris' complaint against Respondent in this matter. Respondent did not respond to the request.

8. On October 3, 2018, the BPR, which had earlier rejected a public censure in the Smith matter, approved a stipulated 30-day suspension. In the stipulation, Respondent again admitted that she violated Rule 1.5 (billing errors/unreasonable charges) and Rule 1.16 (failure to refund unearned portion of fee) in her representation of Smith.

9. On October 9, 2018, Ms. Harris filed a complaint with Bar Counsel. Bar Counsel mailed a copy of the complaint to Respondent with a request for her written response by October 25, 2018. The deadline to respond to the complaint passed without any word from Respondent, prompting Bar Counsel to send a follow-up request by certified mail on October 30, 2018.

10. In her initial response to Ms. Harris' complaint, dated November 6, 2018, Respondent stated:

> As for a refund, Ms. Harris called my office asking for her full refund, however I do not have a current address for Ms. Harris. I show there is a refund she is due which is about $750. I would be happy to send that to Ms. Harris. The address on the Bar Complaint shows a third address for Ms. Harris different from any other address I have seen. If Ms. Harris could confirm that is her current address, I would gladly refund the $750.

11. On November 28, 2018, the Wyoming Supreme Court issued an order of 120-day suspension of Respondent, effective December 15, 2018. In the order, the Court approved and adopted the BPR's recommendation that Respondent receive a 30-day suspension for her conduct in the Smith matter.

3

12. On December 11, 2018, Bar Counsel mailed a copy of Ms. Harris' supplemental response to Respondent. The supplemental response also showed Ms. Harris' mailing address as P.O. Box 521, Casper, WY 82602. Still, Respondent did not send Ms. Harris a refund.

13. In Bar Counsel's December 11, 2018 letter, Bar Counsel asked Respondent to produce her entire file in the Harris matter, including emails and billing records, by December 28, 2018. Respondent did not comply with the request for billing records until January 18, 2019 – after yet another follow-up reminder from Bar Counsel's office – when Respondent produced a billing statement dated November 5, 2018. That billing statement – the first and only invoice Respondent has produced for her work on Ms. Harris' case (Respondent never did send Ms. Harris a bill for her work on the case, though the fee agreement provided that monthly statements would be sent) – shows a refund due to Ms. Harris in the amount of $749.00. Still, Respondent did not send Ms. Harris a refund.

14. Of relevance to the present proceeding is that on March 26, 2018, Respondent signed an affidavit of conditional admission in the Stephanie Smith matter which included the following admissions:

> I further acknowledge that in my representation of Ms. Smith I violated Rule 1.5(a), which provides, "A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses." The Wyoming Supreme Court has held that a lawyer may only charge a client for work actually performed, and that a lawyer's invoices must "accurately describe the legal services and amounts charged to the client." *Bd. of Prof'l Responsibility v. Casper*, 318 P.3d 790, 795 (Wyo. 2014). In addition, a lawyer is required to exercise "billing judgment" in the fees charged, which is usually demonstrated "by the attorney writing off unproductive, excess or redundant hours." *Casper, supra*, 318 P.3d at 796 (quoting *In re NRF*, 294 P.3d 879, 883 (Wyo. 2013)). I acknowledge that I failed in my Rule 1.5 duties to Ms. Smith in at least the following respects: I charged 5 hours at $200.00 per hour for the preparation of the letter of April 3, 2017. That letter could not have taken me more than one-half hour to write and as I look at it now, it is clearly an error. I charged .4 hours to prepare the motion to withdraw. Having been terminated by Ms. Smith for my failure to discharge my obligations to her, it was not reasonable for me to charge Ms. Smith for the prepa-

4

ration of that motion. I miscalculated the amount of Ms. Smith's refund and did not correct that error when it was brought to my attention. That error resulted in overcharging Ms. Smith $190.00.

Upon termination of representation, Rule 1.16(d) requires a lawyer to refund any advance payment of fees that have not been earned. I acknowledge that I violated this rule as set forth above.

15. The parties stipulate that Respondent violated Rules 1.5 and 1.16 in her representation of Ms. Harris. Specifically, as noted in Respondent's affidavit of conditional admission in the Smith case, Rule 1.5(a) provides, "A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses." A lawyer may only charge a client for work actually performed. A lawyer's invoices must accurately describe the legal services and amounts charged to the client. In addition, a lawyer is required to exercise "billing judgment" in the fees charged, which is usually demonstrated "by the attorney writing off unproductive, excess or redundant hours." *Casper, supra.* The parties stipulate that there is clear and convincing evidence that Respondent violated her Rule 1.5 duties to Ms. Harris in numerous respects, just as she did in her representation of Ms. Smith.

16. Upon termination of representation, Rule 1.16(d) requires a lawyer to refund any advance payment of fees that have not been earned. The parties stipulate that there is clear and convincing evidence that Respondent violated her Rule 1.16(d) duty to Ms. Harris as set forth above, just as she did in her representation of Ms. Smith.

17. As part of the stipulated resolution of this matter, Respondent has refunded Ms. Harris $3,000.00 of the $3,500.00 advance payment Ms. Harris made upon commencement of the representation. This partial refund of Ms. Harris' advance payment is a mitigating factor in determining the appropriate sanction for Respondent's misconduct.

5

18.     In Respondent's case, aggravating factors include: (1) a disciplinary history (Respondent received a private reprimand in 2017 and a 120-day suspension in 2018); (2) a pattern of misconduct; and (3) multiple offenses. Respondent's agreement to refund a substantial portion of the fee to the client is a mitigating factor.

19.     A majority of the Review Panel approves the parties' stipulation and recommends that the Court impose a one-year suspension as the appropriate sanction for Respondent's misconduct. If the Court issues an Order of One-Year Suspension in accordance herewith, Bar Counsel and Respondent have agreed to the following press release:

> The Wyoming Supreme Court issued an order of one-year suspension of Casper attorney Kara Crawford-Fink. The disciplinary order resulted from Crawford-Fink's representation of a client in a divorce matter. The client paid a $3,500.00 fee at the outset of the representation. The client ultimately terminated Crawford-Fink's representation and retained other counsel, demanding a return of the fee. Crawford-Fink failed to return the unearned portion of the fee. In stipulating to a one-year suspension, Crawford-Fink agreed that she committed violations of Rule 1.5 (fees) and Rule 1.16 (duties upon termination of representation) of the Wyoming Rules of Professional Conduct. In light of her prior disciplinary history (which included a private reprimand in 2017 and a 120-day suspension in 2018), Crawford-Fink agreed that a one-year suspension was an appropriate sanction for her conduct. Crawford-Fink agreed to return $3,000.00, representing the remaining unearned portion of the fee, to the client. In addition to receiving a one-year suspension, Crawford-Fink was ordered to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar.

### Conclusions of Law

20.     W.R.D.P. Rule 15(b)(3)(D) provides that in imposing a sanction for professional conduct, the BPR shall apply the ABA Standards for Imposing Lawyer Sanctions (the "ABA Standards"). Pertinent to the present Stipulation, it is necessary to apply the ABA Standards relevant to the duties violated by Respondent as well as aggravating and mitigating factors.

21.     Respondent's violations of Rules 1.5 and 1.16 implicate Standard 7.0, which provides:

6

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving false or misleading communication about the lawyer or the lawyer's services, improper communication of fields of practice, improper solicitation of professional employment from a prospective client, unreasonable or improper fees, unauthorized practice of law, improper withdrawal from misrepresentation, or failure to report professional misconduct.

7.1 Disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public or the legal system.

7.2 Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system.

7.3 Reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system.

7.4. Admonition is generally appropriate when a lawyer engages in an isolated instance of negligence that is a violation of a duty owed as a professional, and causes little or no actual or potential injury to a client, the public, or the legal system.

23. ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:

9.1 Generally
After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.

9.2 Aggravation
9.21 Definition. Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.
9.22 Factors which may be considered in aggravation. Aggravating factors include:
(a) prior disciplinary offenses;
(b) dishonest or selfish motive;
(c) a pattern of misconduct;
(d) multiple offenses;
(e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
(g) refusal to acknowledge wrongful nature of conduct;
(h) vulnerability of the victim;
(i) substantial experience in the practice of law;
(j) indifference in making restitution; and

7

(k) illegal conduct, including that involving the use of controlled substances.

9.3      Mitigation.

     9.31    Definition. Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.

     9.32    Factors which may be considered in mitigation. Mitigating factors include:

     (a) absence of a prior disciplinary record;

     (b) absence of a dishonest or selfish motive;

     (c) personal or emotional problems;

     (d) timely good faith effort to make restitution or to rectify consequences of misconduct;

     (e) full and free disclosure of disciplinary board or cooperative attitude toward proceedings;

     (f) inexperience in the practice of law;

     (g) character or reputation;

     (h) physical disability;

     (i) mental disability or chemical dependency including alcoholism or drug abuse when:

         (1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;

         (2) the chemical dependency or mental disability caused the misconduct;

         (3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and

         (4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.

     (j) delay in disciplinary proceedings;

     (k) imposition of other penalties or sanctions;

     (l) remorse; and

     (m) remoteness of prior offenses.

9.4      Factors Which Are Neither Aggravating nor Mitigating.

The following factors should not be considered as either aggravating nor mitigating:

     (a) forced or compelled restitution;

     (b) agreeing to the client's demand for certain improper behavior or result;

     (c) withdrawal of complaint against the lawyer;

     (d) resignation prior to completion of disciplinary proceedings;

     (e) complainant's recommendation as to sanction; and

     (f) failure of injured client to complain.

## Recommendation

In consideration of the foregoing findings of fact and conclusions of law, a majority of the Review Panel recommends as follows:

1.     That Respondent receive a one-year suspension for violations of Rules 1.5 and 1.16, W.R.Prof.Cond.

2.     That, upon issuance of the order of suspension, the foregoing press release may be issued.

3.     That Respondent be required to pay an administrative fee of $750.00 and costs of $50.00 to the Wyoming State Bar within 10 days of such order.

Dated this 14 day of November, 2019.

Debra J. Wendtland, Chair
Review Panel of the Board of Professional
Responsibility
Wyoming State Bar

9